WO                                                                                          RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Dale Frank Maisano, | ) | No. CV 09-2515-PHX-RCB (MHB) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Stephen M. McNamee, et al., | ) | |
| Defendants. | ) | |

## I.     Background

Plaintiff Dale Frank Maisano, who is confined in the Arizona State Prison Complex-Tucson in Tucson, Arizona, has so often and egregiously abused the legal process in the past that on August 11, 1992, Senior United States District Judge Stephen M. McNamee entered an Order and Restraining Order enjoining him from filing any civil action in this or any other federal court without first obtaining leave of the court. See August 11, 1992 Order and Restraining Order in Maisano v. Lewis, CV 92-1026-PHX-SMM (MS).

Pursuant to the Restraining Order, to obtain leave to file, Plaintiff must file an "Application Pursuant to Court Order Seeking Leave to File" accompanied by an affidavit certifying: (1) "that the claim or claims he wishes to present are new and have never been raised and disposed of on the merits by any federal court"; and (2) "that to the best of his knowledge the claim or claims are not frivolous or taken in bad faith." Additionally, any application seeking leave to file must be accompanied by a copy of the August 11, 1992

Order and Restraining Order in <u>Maisano v. Lewis,</u> CV 92-1026-PHX-SMM (MS).[1] In addition, Plaintiff "must attach to future complaints a list of all cases previously filed involving similar or related causes of action." "Failure to comply strictly with the terms of the [Restraining Order] will be sufficient ground to deny leave to file."

**II.    Discussion**

On December 2, 2009, Plaintiff filed an "Application Pursuant to Court Order Seeking Leave to File" (Doc. #1), and lodged a civil rights Complaint (Doc. #4) and an Application to Proceed *In Forma Pauperis* (Doc. #3). By Order filed December 7, 2009 (Doc. #6), this case was reassigned to the undersigned Judge for all further proceedings.

**A.    Application Pursuant to Court Order**

Accompanying the "Application Pursuant to Court Order Seeking Leave to File" (Doc. #1) are a copy of the August 11, 1992 Order and Restraining Order, an affidavit that complies with that Order, and a list of previously filed cases. The Court will grant Plaintiff's Application Pursuant to Court Order and will permit Plaintiff to file this lawsuit. The Court will direct the Clerk of Court to file the lodged Complaint and the lodged Application to Proceed.

**B.    Application to Proceed *In Forma Pauperis***

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The Court notes that Plaintiff appealed the final judgment in CV 92-1026-PHX-SMM (MS) to the Ninth Circuit Court of Appeals. On March 17, 1993, the Court lodged a certified copy of the Ninth Circuit's mandate dismissing the appeal.

As detailed in the August 11, 1992 Order and Restraining Order, Plaintiff has significantly more than 3 strikes.[2] Thus, he may not bring a civil action without complete prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff has not paid the filing fee and has not made a credible allegation in his pleading that he is in imminent danger of serious physical injury. Plaintiff's allegation in the Complaint that he "most likely ha[s] A.L.S. Amyotrophic Lateral Sclerosis" is not credible. Plaintiff does not provide any information on why he "most likely" has A.L.S., does not provide a diagnosis by a medical doctor, and does not even describe any of his symptoms.

Therefore, the Court will deny the Application to Proceed *In Forma Pauperis* and will dismiss Plaintiff's Complaint and this action, without prejudice, pursuant to § 1915(g). If Plaintiff wishes to reassert these claims in the future, he must comply with the August 11, 1992 Order and Restraining Order and must *prepay* the **entire** $350.00 filing fee when he files his action.

**IT IS ORDERED:**

(1) Plaintiff's "Application Pursuant to Court Order Seeking Leave to File" (Doc. #1) is **granted**. Plaintiff is **granted leave** to file this lawsuit.

(2) The Clerk of Court **must file** the lodged Complaint (Doc. #4) and the lodged Application to Proceed *In Forma Pauperis* (Doc. #3).

(3) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **denied**.

(4) Plaintiff's Complaint (Doc. #4) and this action are **dismissed without prejudice**, pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert these claims in the

---

[2]The August 11, 1992 Order and Restraining Order notes that, of the 36 complaints Plaintiff filed as of July 23, 1992, "seven complaints were dismissed for failure to state a non-frivolous claim . . . [, s]even of Plaintiff's complaints failed to present factual allegations . . . [, and n]ine of the Plaintiff's complaints either failed to name the proper defendants or failed to present claims against the named defendants."

future, he **must comply** with the August 11, 1992 Order and Restraining Order and **must prepay** the entire $350.00 filing fee when he files his action.

    (5)    The Clerk of Court **must enter judgment accordingly** and **close** this case.

Dated this 16th day of February , 2010 .

                                                     */s/ John C. Broomfield*
Robert C. Broomfield
Senior United States District Judge